# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60639

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2015

Plaintiff-Appellee

Lyle W. Cayce
Clerk

v.

ALLEN DAVID WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CR-65-1

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

Allen David Wilson appeals his above-guidelines statutory maximum sentence of 120-months imposed following his guilty plea conviction to failure to register as a sex offender. Wilson argues that his sentence is substantively unreasonable because the district court gave excessive weight to his prior offenses and uncharged criminal conduct. Further, he complains that the district court failed to consider that he had no place to live upon his release

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60639

from incarceration, he suffers from untreated mental health issues, and that he has no family or friends to provide him with assistance or resources.

Wilson pled guilty to failure to register as a sex offender. 18 U.S.C. § 2250(a). According to the PSR, with an adjusted base offense level of 13 and criminal history category II, his sentencing guidelines range was 15-21 months. No objections were filed to the PSR, but the government moved for a sentence above the advisory sentencing range and offered two witnesses in support. The witnesses testified to Wilson's continuing threat as a sex offender in his local community. Wilson controverted the evidence. After reciting in detail Wilson's past history and commenting on the government's evidence of Wilson's recent conduct, the court sentenced him to an upward variance to the statutory maximum, 10 years.

Wilson failed to object in the district court to the reasonableness of the sentence and, thus, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Insofar as the district court considered Wilson's prior arrests or other criminal conduct that did not result in a conviction, it was not permitted to rely on a "bare arrest record" that does not include information concerning the facts and circumstances of the conduct resulting in the defendant's arrest. *See United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013) (citation omitted). Rather than a bare arrest record, the record contains specific evidence of Wilson's unadjudicated criminal conduct, including the testimony of investigating officers, statements of victims, and prison records reflecting disciplinary infractions that all constituted specific evidence of incidents of sexual misconduct, none of which resulted in Wilson's conviction. The district court properly considered this evidence of Wilson's acts of sexual

misconduct that did not result in a conviction. *See id.; United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008).

However, even if the district court committed error in considering the arrest records or Wilson's other criminal conduct, Wilson has not demonstrated that consideration of that information along with other permissible sentencing factors affected his substantial rights or seriously affected the fairness or integrity of the judicial proceedings. *See United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010). The district court properly considered the relevant 18 U.S.C. § 3553(a) factors, including Wilson's prior convictions, the fact that his criminal history score did not take into account his older convictions, and his personal characteristics. Other highly significant § 3553(a) factors considered were the seriousness of the offense and the need to protect the public in light of Wilson's continued predatory conduct, even following his long incarceration.

Wilson's argument that the district court erred in failing to consider that Wilson had no place to live and no family support is rebutted by the record that reflects that Wilson's family lives in Tunica, Mississippi, and that he was living with his aunt. Further, contrary to Wilson's assertion that the district court failed to consider his mental health issues, the district court's comments reflected that it was aware that Wilson required mental health treatment while he was incarcerated. Moreover, the district court recommended that he receive further treatment during his incarceration for the instant offense.

The record does not reflect that the district court failed to take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Under the totality of the circumstances,

including the significant deference that is due to a district court's consideration of the § 3553(a) factors and its reasons for the sentencing decision, Wilson has failed to demonstrate that the 120-month non-guidelines sentence is substantively unreasonable or constituted plain error. *See Puckett*, 556 U.S. at 135; *Gall v. United States,* 552 U.S. 38, 50-53 (2007); *United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008). Accordingly, the judgment of the district court is **AFFIRMED**.